WENTWORTH, Judge.
This is an appeal from an order dissolving the parties’ limited partnership and granting the limited partner (appellee) priority over the general partner for the return of their contributions. We affirm.
Appellants and appellees entered into a limited partnership agreement pursuant to the Uniform Limited Partnership Act. Section 620, Florida Statutes. By 1979, all of the partnership assets had been sold and a mortgage payable to the partnership was paid in full. Appellees filed a complaint seeking dissolution of the partnership, an accounting, and return of their contributions to the partnership together with their share of any profits. Appellants agreed that appellees were entitled to an accounting, but contested the dissolution and distribution. Pursuant to appellees’ motion for summary judgment, a final order was entered ordering dissolution and granting the *751 limited partner priority over the general partner for the return of their contribution.
Appellants contend that the trial court erred in summarily deciding that they were not creditors, entitled to priority consideration in the distribution of the dissolved partnership assets under § 620.23, Florida Statutes. That section provides:
620.23 Distribution of assets.—
(1) In settling accounts after dissolution the liabilities of the partnership shall be entitled to payment in the following order:
(a) Those to creditors, in the order of priority as provided by law, except those to limited partners on account of their contributions, and to general partners,
(b) Those to limited partners in respect to their share of the profits and other compensation by way of income on their contributions,
(c) Those to limited partners in respect to the capital of their contributions,
(d) Those to general partners other than for capital and profits,
(e) Those to general partners in respect to profits,
(f) Those to general partners in respect to capital.
(2) Subject to any statement in the certificate or to subsequent agreement, limited partners share in the partnership assets in respect to their claims for profits or for compensation by way of income on their contributions respectively in proportion to the respective amounts of such claims. (e.s.)
The plain language of subsection (l)(a) excepts general partners from those creditors entitled to priority. In addition, subsection one is not subject to contrary agreement by the parties. Appellants’ contention therefore has no merit.
Affirmed.
SHIVERS and JOANOS, JJ., concur.