FERGUSON, Judge.
This appeal questions the validity of a contract which establishes priorities in the *81 distribution of limited partnership assets, as between limited and general partners, inconsistent with the statutory scheme.
In accordance with Consolidated Amalgamated Developments, Ltd. v. Gup, 428 So.2d 750 (Fla. 1st DCA), rev. denied, 438 So.2d 832 (Fla.1983), the trial court held that section 620.23(1), Florida Statutes (1983) controls the priority of distribution of limited partnership assets among partners upon dissolution notwithstanding an agreement to the contrary.[1] We agree. In the cases relied upon by appellant, e.g., Lanier v. Bowdoin, 282 N.Y. 32, 24 N.E.2d 732 (1939), the.state statute expressly provided that it is controlling only in the absence of an agreement between the partners as to the order of distribution.
Affirmed.

. We note that Florida has not adopted the Revised Uniform Limited Partnership Act (1976) which provides in pertinent part:
§ 804 [Distribution of Assets]
Upon the winding up of a limited partnership, the assets shall be distributed as follows:
******
(3) except as provided in the partnership agreement, to partners first for the return of their contributions and secondly respecting their partnership interests, in the proportions in which the partners share in distributions.